**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Mangus, | No. CV-24-00395-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Kiefer, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Teresa Mangus's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to this screening, the complaint will be dismissed without leave to amend.

I.  Legal Standard

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II.     The Complaint

Plaintiff names "Judge Joseph Kiefer" and "Judge Stasy Avelar" as defendants, asserts that federal-question jurisdiction exists on the basis of "Civil Rule 58" and "Article 3," and alleges that a minute entry in a state court case entered on March 31, 2022 was "not a signed judgment or order," is "in vacation" and "without the governmental power of law," and will have the effect of making Plaintiff "homeless and without any money." (Doc. 1.) Plaintiff asserts that the issuance of an unsigned order "violated the US Constitution, article 3, and federal civil rule 58." (*Id.* at 5.) Plaintiff asks this Court to declare the March 21, 2022 state court order "a nullity" and to issue an injunction against Judge Avelar "regarding

the rulings on the disposal of the home and forcible detainer." (*Id.*)

III. <u>Analysis</u>

Plaintiff's complaint must be dismissed because Plaintiff has failed to establish the existence of subject-matter jurisdiction. Liberally construed, Plaintiff's complaint alleges that the defendant state-court judges acted without jurisdiction when they entered a particular order in a state-court proceeding. The complaint does not allege, however, why this purported error raises a federal question. Nor do Plaintiff's two cited bases for federal-question jurisdiction, "Civil Rule 58" and "Article III," make the required showing. The former has nothing to do with jurisdiction—it is a Federal Rule of Civil Procedure that defines how judgments are entered on the docket and the time when judgment is deemed to have been entered. The latter simply establishes and empowers the judicial branch of the federal government. It would be circular if every complaint that cross-referenced "Article III" were therefore deemed to raise a federal question.

Nor could this infirmity be cured by amendment. If, for example, Plaintiff attempted to amend her complaint by asserting claims under 42 U.S.C. § 1983, other bars to relief would arise. The only defendants named in the complaint are state-court judges. "[A]lthough judicial immunity does not bar [an] injunctive relief claim, section 1983 itself provides that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.' Plaintiff does not base [her] claims on violation of a declaratory decree, or allege that declaratory relief was not available, so [she] has [not] stated a claim for . . . injunctive relief." *Juarez v. Santa Clara Cty. Superior Ct. Judges*, 2009 WL 250866, *1 (N.D. Cal. 2009) (citations omitted).

Plaintiff's claims may also implicate *Younger* abstention and/or the *Rooker-Feldman* doctrine. However, it is unnecessary to delve into the specifics of those complicated doctrines in light of the conclusion that Plaintiff's complaint must be dismissed, without leave to amend, for other reasons.

Accordingly,

1 **IT IS ORDERED** that the Application to Proceed in District Court without
2 Prepaying Fees or Costs (Doc. 2) is **granted**.

3 **IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed**
4 without leave to amend.

5 **IT IS FURTHER ORDERED** that Plaintiff's motion for service (Doc. 6) is **denied**
6 **as moot**.

7 Dated this 12th day of March, 2024.

Dominic W. Lanza
United States District Judge